**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RUI CHEN AND WENJIAN GONZALES,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PREMIER FINANCIAL ALLIANCE, INC.** *et al.*,<br><br>Defendants. | Case No.: 18-CV-3771 YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL ARBITRATION; DENYING MOTION TO TRANSFER ACTION PURSUANT TO 28 U.S.C. § 1404; DISSOLVING STAY; DIRECTING FILING OF SECOND AMENDED COMPLAINT**<br><br>**DKT. NO. 95** |

Defendants Life Insurance Company of the Southwest, National Life Insurance Company, NLV Financial Corporation, and National Life Holding Company filed a Motion for Leave to Seek Reconsideration of this Court's January 22, 2019 Order, which denied defendants' motions to compel arbitration as to plaintiffs Rui Chen and Wenjian Gonzalez[1] in this action. (Dkt. No. 95.) In the alternative, defendants seek an order transferring this action to the Northern District of Georgia pursuant to 28 U.S.C. section 1404(a). (*Id*.)

**I. RECONSIDERATION OF ARBITRATION ORDER**

On the motion for leave to seek reconsideration, defendants contend that if the Court grants the motion to compel arbitration in the related action entitled *Wang v. Life Insurance Company of the Southwest et al*, 4:19-cv- 01150-YGR, it should reconsider its prior ruling denying arbitration in the instant action for defendants' failure to submit sufficient evidence that plaintiffs affirmatively agreed to the terms of the Premier Financial Alliance Associate Marketing Agreement ("AMA") by clicking a box in an online registration form. Defendants state that the "proof of affirmative consent that PFA submits with the instant motion applies equally to all PFA Associates, including not only the *Chen* Plaintiffs but all putative members of the classes pleaded in both cases." (Motion, Dkt. No. 95, at 4:4-6.)

---

[1] The Court notes that the spelling of plaintiff's Wenjian Gonzalez name appears differently on different filings in this matter. The Court adopts the spelling used in plaintiff's translated declaration (Dkt. No. 102-1) and that was used to register plaintiff with Premier Financial Alliance Inc.

By separate order issued this date in the *Wang* action, the Court denied the motion to compel arbitration as to plaintiffs therein. As set forth more fully in that order, based upon the evidence submitted in support of and in opposition to the motion, there are disputed issues of material fact as to whether the plaintiffs in the *Wang* action themselves entered into the AMA, since they declare that the recruiting PFA associates completed the online form for them such that the *Wang* plaintiffs never saw any of the terms of the AMA at the time they registered.

Consequently, the Court declines to reconsider its January 22, 2019 Order in the instant action denying the motion to compel arbitration. The motion for leave to seek reconsideration is **DENIED**.

## II. MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)

With respect to the motion to transfer under section 1404, the Court **DENIES** the motion.[2] Defendants contend that this action "might have been brought" in the Northern District of Georgia, where PFA is incorporated and headquartered, and plaintiffs, by their acceptance of the AMA, consented to venue and jurisdiction in Georgia. (Martin Decl. ¶ 20 and Exh. A at § 14.) Plaintiffs counter that they cannot be bound by the AMA's terms as to venue for the same reason as they cannot be bound by the arbitration provision. Moreover, they contend the section 1404 factors favor maintaining their choice of venue.

Under section 1404(a), a district court has discretion to transfer an action to another forum. Section 1404(a) permits transfer to "any district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation." *Atlantic Marine Const. Co. v. U.S. Dist. Court*, 571 U.S. 49, 59 (2013). Forum selection clauses may be enforced through a motion to transfer under section 1404(a). *Id.*

"In the typical case not involving a forum-selection clause, a district court considering a

---

[2] Plaintiffs argue that the motion is procedurally proper because defendants waived their right to object to venue by not raising it sooner. After the motion to compel arbitration was denied in this action, defendants Premier Financial Alliance, The Consortium Group, LLC, Jack Wu, Rex Wu, Lan Zhang, AJW Production, LLC, David Carroll, and Bill Honig filed their answer without raising a venue objection. (Dkt. No. 68.) While plaintiffs are correct that defendants waived any argument that venue in this district is *improper*, a motion to transfer based upon convenience factors under section 1404(a) "technically can be made *at any time. i.e.,* there is no risk of waiver by delay as there is with improper venue." *Turnage v. Old Dominion Freight Line, Inc.*, No. C 13-1409 PJH, 2013 WL 2950836, at *6 (N.D. Cal. June 14, 2013) (citing Schwarzer, *et al.*, RUTTER: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 4:776, emphasis in original).

[section] 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Id*. at 62. Private convenience concerns take into account "relative ease of access to sources of proof[,] availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses[,] . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 63 n. 6 (internal citation omitted); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000) (factors to be considered include "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."). Public interest factors to be considered include relative court congestion, local interest in the controversy, and familiarity with the applicable law. *Atlantic Marine,* 571 U.S.

"[T]he calculus changes . . . when the parties' contract contains a valid forum selection clause." *Id.* "[A] valid forum selection clause should be given controlling weight in all but the most exceptional cases," and the "plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," based upon public interest factors. *Id.* (citation and brackets omitted).

Here, defendants' assertion of a binding forum selection clause in the AMA carries no weight in the Court's analysis, for several reasons. The Court denied defendants' motion to compel arbitration in this matter for "failure to establish the existence of an agreement to arbitrate" (Order Denying Motions to Compel Arbitration dated January 22, 2019, Dkt. No. 56.) For the same reasons, the Court cannot find the forum selection provision in the AMA to be binding on plaintiffs here. *See Long v. Provide Commerce, Inc.*, 245 Cal. App. 4th 855, 868 (2016) (party could not simply invoke a forum selection clause when validity of the larger contract was in doubt).

Moreover, even if defendants could show that plaintiffs agreed to the forum selection clause in the AMA, that clause is permissive, not mandatory. The AMA provides in section 13 that "PFA . . . may elect to file civil litigation in Gwinnett County, Georgia" in the case of a breach of

3

the agreement, and in section 14 that "[a]ll parties consent to jurisdiction and venue in Gwinnett County, Georgia for any disputes that may arise hereunder." (Declaration of Kelly Martin, Dkt. No. 95-1, Exh. A at 8.) Where a forum selection clause uses only permissive language, it need not be enforced. *Terra Tech Corp. v. Vandevrede*, No. SACV 18-602 JVS (JDEx), 2018 WL 8131761, at \*7 (C.D. Cal. Dec. 4, 2018) (*citing Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) and *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987)). "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). The AMA does not so state.

Finally, the forum selection clause in the AMA is limited to matters arising under the agreement, including "conflict as to the interpretation, breach or other default events." (Martin Decl. Exh. A at 8.) The Court is not persuaded that the forum selection clause would encompass the tort-like claims alleged here. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) ("[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract").

Turning to the private convenience factors in the section 1404 analysis, the Court finds that they favor denying the motion to transfer. Plaintiff Gonzalez resides and works as a PFA Associate in California. (Declaration of Wenjian Gonzalez, Dkt. No. 102-1, at ¶ 2.) Gonzalez indicates that a majority of the potential witnesses in this action reside or work in California, including Jack Wu, Bill Hong, Lan Zhang, and Rex Wu. (*Id.* ¶ 5.) In their reply filed in the *Wang* matter, defendants conceded that a number of witnesses alleged to be part of the PFA leadership hierarchy reside in California. (*Wang* Reply, Dkt. No. 72 at 11:5-6 [Jack Wu, Lan Zhang, and Hermie Bacus all work in California]; Martin Depo. at 60:9-10; 83:19-21; 101:18-22 [Bill Hong, Rex Wu, Marcus Narona in California].)[3] The location of PFA *employee* witnesses, of which there appear to be few, does not favor a Georgia forum since they can be compelled to testify regardless of the forum. PFA has not

---

[3] Further, plaintiffs herein allege, and plaintiffs in the *Wang* action presented evidence, that PFA has extensive contacts in California, including that around half of its associates nationwide are located in California, and half of the "Living Life" policies sold by PFA associates were sold to California residents during the alleged class period. (Declaration of Daniel C. Girard filed in *Wang* action, Dkt. No. 63-6, Exh. 4 [Martin Depo.] at 49:13:17, 60:9-10, 78:21-23, 101:21-22; 5, 6, 7, 14, 15, 21, 28.)

4

identified non-party witnesses located outside California whose testimony is likely to be necessary. The majority of the claims here are brought under California statutes with which this Court likely will be more familiar. PFA has not persuaded the Court that any other factors—costs of litigation, ease of access to sources of proof, availability of compulsory process as to former employees or associates, etc.—would favor transfer to Georgia. Moreover, plaintiffs' choice of forum is entitled to some deference under the circumstances, even taking into account that such a choice is accorded less weight in the context of a putative nationwide class action.

With respect to the public interest factors, defendants fail to identify any interests or burdens weighing in favor Georgia rather than California. To the contrary, California would have a significant interest in the issues at stake, given that so many of the PFA associates are located here, and sold such a high proportion of the "Living Life" policies to California consumers.

In sum, defendants have failed to persuade the Court that it should exercise its discretion to transfer venue to the Northern District of Georgia, and the motion to transfer is **DENIED**.

The stay of the instant action previously ordered is **DISSOLVED**. Plaintiffs shall file their Second Amended Complaint no later than **January 10, 2020**.[4] Responsive pleadings shall be filed fourteen (14) days after filing.

This order terminates Docket No. 95.

**IT IS SO ORDERED.**
Date: December 19, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Defendants Life Insurance Company of the Southwest, National Life Insurance Company, NLV Financial Corporation, and National Life Holding Company, who had not filed a motion to compel arbitration, filed their responsive pleading, a motion to dismiss plaintiffs' First Amended Complaint, on February 5, 2019. (Dkt. No. 70.) The Court granted that motion with leave to amend on May 8, 2019, but stayed the action pending the outcome of the instant motion and the identical motion in the related *Wang* action. (Dkt. No. 92.)