Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*

*Interim Class Counsel*

Michael J. Hassen (SBN 124823)
**REALLAW, APC**
1981 N. Broadway, Suite 280
Walnut Creek, CA 94596
Telephone: (925) 359-7500
Facsimile: (925) 557-7690
*MJHassen@reallaw.us*

*Attorney for Defendant Premier Financial Alliance, Inc.*

Robert D. Phillips, Jr. (SBN 82639)
Thomas A. Evans (SBN 202841)
Rachel Adi Naor (SBN 284966)
**ALSTON & BIRD LLP**
560 Mission St., Suite 2100
San Francisco, CA 94105
*bo.phillips@alston.com*
*tom.evans@alston.com*
*rachel.naor@alston.com*

*Attorneys for Defendant Life Insurance Company of the Southwest*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| *IN RE PFA INSURANCE MARKETING LITIGATION* | Case No. 4:18-CV-03771-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED SCHEDULE**<br><br>Date:   June 1, 2020<br>Time:  2:00 p.m.<br>Place:  Courtroom 1 – 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant Civil Local Rule 16-10(d), the parties provide this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for June 1, 2020.

I.  **DEVELOPMENTS SINCE THE LAST CASE MANAGEMENT CONFERENCE**

Pursuant to the Court's direction at the February 25 conference, the parties submitted briefing regarding consolidation and the appointment of counsel pursuant to Rule 23(g). On April 16, 2020, the Court entered an order: (1) consolidating *Chen et al. v. Premier Financial Alliance, Inc. et al.*, Case No. 4:18-cv-3771-YGR and *Wang et al. v. Life Insurance Company of the Southwest et al.*, Case No. 4:19-cv-01150 YGR; (2) appointing Girard Sharp LLP as Interim Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure; and (3) directing Plaintiffs to file a consolidated complaint within 14 days of the order. Dkt. No. 134 at 1-3.

On April 30, 2020, Plaintiffs Dalton Chen and Youxiang Eileen Wang filed the Consolidated Amended Complaint against Defendants Life Insurance Company of the Southwest and Premier Financial Alliance, Inc. Dkt. No. 131.[1]

On May 12, 2020, the parties met and conferred concerning the Consolidated Complaint, and Defendants' forthcoming responses, and completed their Rule 26(f) conference. Defendants answered the Consolidated Complaint on May 19, 2020 (Premier) and May 21 (Life Insurance of the Southwest), respectively.

Having met and conferred pursuant to Rule 26(f), the parties submit the following discovery plan and proposed schedule.

II.  **DISCOVERY PLAN**

    A.  **Initial Disclosures**

The parties will exchange initial disclosures on or before May 26.

---

[1] Following the issuance of the Court's April 16 Order, counsel for the *Chen* Plaintiffs notified Interim Class Counsel that his clients did not consent to being named in the Consolidated Complaint. Chen Plaintiffs then filed a "Notice of Election to Pursue the Claims in Their Consolidated Complaint." Dkt. No. 132. The parties reserve the right to move for relief if Chen Plaintiffs seek to pursue their claims in violation of the Court's April 16 consolidation order. Dkt. No. 134. There is no need for the Court to stay the class allegations in the *Chen* Action as the *Chen* Action was consolidated with and into this action pursuant to the Court's consolidation order. Dkt. No. 134.

B.  **Discovery Taken to Date**

The Wang Plaintiffs propounded initial requests for production of documents to Defendants on May 21, 2020. Defendants' responses are due on June 25, 2020.

C.  **Subjects**

Plaintiffs' discovery in this case will be directed at Premier's business plan and strategy; Defendants' sales and marketing practices; the requirements for advancing through Premier's commission hierarchy; Defendants' recruiting and training materials; agreements between and among Defendants and their affiliates; compensation of Premier and its members; insurance policies purchased by Plaintiffs and class members and documents related to the pricing, analysis, and development of such policies, along with related illustrations and annual statements; and Defendants' life insurance sales data.

LSW has not served any discovery, but anticipates serving Plaintiffs with Interrogatories and Requests for Production of Documents, and taking Plaintiffs' depositions.

PFA anticipates serving written discovery this week, and taking Plaintiffs' depositions.[2]

D.  **Discovery Limits**

*Written Discovery.* The parties do not propose any changes to the limitations on written discovery under the Federal Rules at this time, but reserve their right to seek to further limit or expand the use of any written discovery device upon a showing of good cause.

*Depositions.* The parties propose the following parameters for depositions. Nothing below is intended to limit any party's ability to seek leave of the Court to take additional fact depositions under Rule 30(a), or seek protection from any deposition pursuant to Rule 26(c)(1).

| Issue | Limit |
| --- | --- |
| Per-Side Deposition Cap | Up to 70 hours of depositions per side |
| Length of Individual Depositions | 7 hours (per Rule 30(d)(1)) |

---

[2] Each party reserves all rights to object to discovery propounded by any other party in this litigation.

| Issue | Limit |
|---|---|
| Definition of "Party Deposition" | Party depositions include the depositions of any party and any witness affiliated with any party, including that party's current and former employees, officers, and directors. |
| Rule 30(b)(6) Depositions | Each Rule 30(b)(6) deposition counts against the per-side deposition cap. |
| Limit on Number of Rule 30(b)(6) Deposition Notices | The parties may serve a reasonable number of Rule 30(b)(6) deposition notices to each corporate party. Absent good cause or agreement of the noticed party, no Rule 30(b)(6) deposition notice may include topics covered by a prior Rule 30(b)(6) deposition notice to the same corporate party. |
| Limit on Time for Rule 30(b)(6) Depositions | 14 hours but may be extended based on a showing of good cause. The parties agree that such depositions shall be limited to the scope of the topics identified in the notice. |
| Deposition of Rule 30(b)(6) designee in his or her individual capacity | Permitted, subject to the per-side deposition cap. |
| Third-Party Deposition | Do not count towards the per-side deposition cap. |
| Expert Depositions | Do not count towards the per-side deposition cap. |

E.   **Production of Electronically Stored Information ("ESI")**

The parties have reviewed the Northern District of California Guidelines for the Discovery of Electronically Stored Information ("Guidelines") and discussed the items in the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. Plaintiffs prepared and, on May 11, sent Defendants a draft Stipulated Order re Discovery of Electronically Stored Information. The parties are conferring concerning the proposed ESI Order, and have agreed to submit agreed or competing proposals for Court approval on or before June 5.

F.   **Confidential Information, Privilege Logs, and Inadvertently Produced Materials**

Plaintiffs prepared and sent Defendants a draft protective order based on the Northern District of California model and the order previously entered by the Court in the *Wang* case (*Wang* Dkt. No. 62). Plaintiffs also prepared and sent Defendants a draft Proposed Rule 502(d) and Privileged Materials Order, setting out clawback and privilege logging procedures. The

parties are conferring concerning these proposed Orders and will be prepared to submit agreed or competing proposals for Court approval on or before June 5.

### G.     Expert Discovery

Plaintiffs proposed a Stipulation re Expert Discovery. The parties are conferring concerning the proposed Order and will be prepared to submit the Order for Court approval on or before June 5.

### H.     Discovery Disputes

Disputes that cannot be resolved through a meet and confer will be submitted to the Court for formal resolution by joint letter in accordance with the Court's Standing Order in Civil Cases (updated April 2, 2019).

## III.    PROPOSED CASE SCHEDULE

The parties propose the following case schedule.

| Event | Proposed Deadline |
|---|---|
| Plaintiffs' motion for class certification | No later than January 3, 2021 |
| Defendants' opposition(s) to motion for class certification | No later than February 17, 2021 |
| Plaintiffs' reply in support of motion for class certification | No later than March 2, 2021 |
| Non-expert discovery cutoff | March 15, 2021 |
| Hearing on Plaintiffs' motion for class certification | March 23, 2021 or as soon thereafter as is convenient for the Court |
| Designation of opening experts with reports | No later than April 2, 2021 |
| Designation of rebuttal experts with reports | No later than April 23, 2021 |
| Expert discovery cutoff | May 7, 2021 |
| Dispositive and Daubert motions[3] | No later than June 11, 2021 |
| Pretrial conference | September 17, 2021 |
| Jury trial | October 11, 2021 |

---

[3] Summary Judgment Motions to be preceded by Pre-Filing Conference in accordance with the Court's Standing Order.

IV. **ALTERNATIVE DISPUTE RESOLUTION**

Pursuant to Civil Local Rule 16-10(d), the parties report that they have submitted their ADR Certifications pursuant to Local Rule 3-5(b), and, pursuant to Local Rule 16-8 will be prepared to discuss ADR with the Court at the case management conference.

Dated: May 26, 2020

/s/ *Daniel C. Girard*
Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
*dgirard@girardsharp.com*
*jelias@girardsharp.com*
*apolk@girardsharp.com*

*Interim Class Counsel*

Dated: May 26, 2020

/s/ *Michael J. Hassen*
Michael J. Hassen (SBN 124823)
**REALLAW, APC**
1981 N. Broadway, Suite 280
Walnut Creek, CA 94596
Telephone: (925) 359-7500
Facsimile: (925) 557-7690
*mjhassen@reallaw.us*

*Attorney for Defendant Premier Financial Alliance, Inc.*

Dated: May 26, 2020

/s/ *Robert D. Phillips, Jr.*
Robert D. Phillips, Jr. (SBN 82639)
Thomas A. Evans (SBN 202841)
Rachel Adi Naor (SBN 284966)
**ALSTON & BIRD LLP**
560 Mission St., Suite 2100
San Francisco, CA 94105
*bo.phillips@alston.com*
*tom.evans@alston.com*

5
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED SCHEDULE
CASE NO. 4:18-CV-03771-YGR

*rachel.naor@alston.com*

*Attorneys for Defendant Life Insurance Company of the Southwest*

**ATTESTATION**

I, Daniel C. Girard, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

                       */s/ Daniel C. Girard*