IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE PFA INSURANCE MARKETING LITIGATION** | CASE NO. 4:18-cv-03771 YGR<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND DISCOVERY CUT-OFF**<br><br>Re: Dkt. No. 211 |

Now before the Court is plaintiffs' administrative motion to extend the discovery cut-off, which currently is August 6, 2021, for two purposes. Docket No. 211. Defendant Premier Financial Alliance, Inc. opposes the motion. Docket No. 212. For the reasons set forth below, the Court **GRANTS** the motion in part and **DENIES** it in part.

**I.     LEGAL STANDARD**

A case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted).

**II.     DISCUSSION**

**A.     Request to extend the discovery cut-off to permit the deposition of Jack Wu**

Plaintiffs request an extension of the discovery cut-off to allow them to depose Jack Wu, who is an Executive Field Director of PFA, "second only to the CEO," if Magistrate Judge Kim permits the deposition after the parties present her with a discovery letter brief or Wu is produced voluntarily by PFA. Plaintiffs contend that the deposition of Wu, if allowed, likely will occur

after August 6, 2021. Plaintiffs argue that good cause exists for extending the discovery cut-off to allow Wu's deposition because discovery they took in 2021 shows that Wu qualifies as a PFA "managing agent" under Magistrate Judge Kim's order of January 21, 2021. In that order, Magistrate Judge Kim denied plaintiffs' request to depose Wu without prejudice to re-filing the motion in the event that plaintiffs "obtain[ed] more evidence to support their position" that Wu is a "managing agent" of PFA. Docket No. 169 at 2-3. Plaintiffs argue that, based in part on the July 20, 2021, deposition of Wayne Meadows, they now know that Wu is a "managing agent" and that his involvement in the alleged pyramid scheme in this action was significant.

Defendant opposes the proposed extension to allow Wu's deposition on the ground that plaintiffs could have and should have sought the extension at least three-and-a-half months ago. Defendant contends that plaintiffs learned nothing material with respect to Wu's role at PFA during the Meadows deposition, and that Plaintiffs cite to this deposition only so that it appears that their delay in seeking the extension was justified. Defendant further argues that plaintiffs obtained the information based upon which they will argue to Magistrate Judge Kim that Wu was a "managing agent" of PFA through depositions and document discovery that took place before July 20, 2021.

The Court finds that plaintiffs were diligent in seeking the extension of the discovery cut-off to permit them to take Wu's deposition if Magistrate Judge Kim orders it. The Court is persuaded that plaintiffs learned of material information relevant to Wu's managing role at the company during the recent Meadows deposition, and that this justifies the timing of their present motion. The Court also finds that there is no indication in the record that defendant would be prejudiced by the extension. Accordingly, the Court finds that good cause exists for extending the discovery cut-off for the limited purpose of allowing plaintiffs to take Wu's deposition if Magistrate Judge Kim orders it, and it, therefore, **GRANTS** plaintiffs' motion as to this issue.

**B.    Request to extend the discovery cut-off to permit plaintiffs to seek improperly withheld documents**

Plaintiffs seek an extension of the discovery cut-off to allow them to request non-privileged documents in the possession of Steven Early in the event that the Ninth Circuit affirms

1  Magistrate Judge Kim's order of June 8, 2021, in the related miscellaneous case regarding the
2  enforcement of a subpoena (Case No. 21-mc-80087-YGR-S).  In that order, Magistrate Judge Kim
3  required the production of a privilege log for documents that are being withheld by Steven Early
4  on the basis of attorney-client privilege so that she could select documents being withheld for *in*
5  *camera* review.  *See* Docket No. 29 at 4, Case No. 21-mc-80087-YGR-S.  Appeals of that order
6  are now pending before the Ninth Circuit.  Plaintiffs seek the extension of the discovery cut-off so
7  that, in the event that the Ninth Circuit affirms Magistrate Judge Kim's order, and she finds that
8  any documents were improperly withheld, then plaintiffs will be able to seek the improperly
9  withheld documents without any argument by Defendant that the discovery cut-off has passed.

Defendant opposes the extension, arguing that the request is premature and advisory because it is unclear what the Ninth Circuit's ruling will be.

The Court finds that this request is premature and it, therefore, **DENIES** plaintiffs' motion as to this issue **WITHOUT PREJUDICE**.  Plaintiffs may move to re-open discovery for the limited purpose of seeking documents improperly withheld by Early in the event that the Ninth Circuit affirms Magistrate Judge Kim's order and Magistrate Judge Kim finds that documents were improperly withheld.

**IT IS SO ORDERED.**

Dated: August 4, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**