UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PFA INSURANCE MARKETING LITIGATION | Case No.  4:18-cv-03771-YGR<br><br>ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE<br><br>Dkt. No. 224 |

Before the Court is the Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge filed by defendant Premier Financial Alliance, Inc. ("PFA"). (Dkt. No. 224.) Pursuant to Federal Rule of Civil Procedure 72 and Civil Local Rule 72-2, defendant challenges Magistrate Judge Kim's order finding that Mr. Jack Wu is a "managing agent" under Federal Rule of Civil Procedure 30(b)(1). (Dkt. No. 221.) The undersigned ordered further briefing on defendant's motion on October 19, 2021. Having carefully reviewed the parties' submissions and the record in this case, the Court DENIES defendant's motion for the reasons stated herein.

I. **Background**

In order to expedite the issuance of this Order, the Court assumes general familiarity with the case background. On January 21, 2021, Judge Kim initially denied plaintiffs' motion without prejudice on the grounds that plaintiffs had failed to meet their burden. (Dkt. No. 169.) Judge Kim then granted plaintiffs' renewed request after plaintiffs "provided information sufficient to show that Wu acts as a 'managing agent' for purposes of Premier Financial Alliance, Inc." (Dkt. No. 221.)

II. **Legal Standard**

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A)). This standard is not easily

satisfied because it affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). Indeed, "the reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error," and the district court may only set aside those factual determinations if it is left with a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *see also Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999); *Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th Cir. 1992). Thus, the Court will modify or set aside Judge Kim's discovery ruling only if it is clearly erroneous.

### III. Discussion

Pursuant to Federal Rule of Civil Procedure 30, a party may request the deposition of another party to the litigation by serving a notice upon that party. Fed. R. Civ. P. 30(b)(1). "However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994).

The parties do not dispute the factors that courts generally consider to determine if a proposed witness is a managing agent, namely:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; [and] (4) the general responsibilities of the individual *respecting the matters involved in the litigation*.

*Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012) (emphasis in original) (citations omitted). The factors have also been described as whether (i) "the corporation has invested the person with discretion to exercise his judgment;" (ii) "the employee can be depended

2

upon to carry out the employer's directions," and (iii) "the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the opposing party." *Id*. (quoting *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540-41 (D. Md. 1996)). "[T]he question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case. Further, at least where the question is whether the deposition should occur, as opposed to whether the corporation may ultimately be bound by the employee's statements . . . the witness's likely 'identification with the interests of the employer'—is said to be the 'paramount test.'" *Calderon*, 287 F.R.D. at 632. At the discovery stage, "*all doubts are to be resolved in favor of the party seeking discovery*." *Id*. (emphasis supplied). Thus, if there is "*at least a 'close question' as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has the ability to bind the corporation to be left for trial*." *Id*. (emphasis supplied).

Defendant argues that plaintiffs submitted "no evidence to alter the Magistrate's analysis and findings in the Denial Order." (Dkt. No. 224 at 2.) Defendants' argument misrepresents the record. The Court focuses its analysis on the factors that did change on Judge Kim's reconsideration of the evidence presented.[1]

First, in connection with the first order, Judge Kim noted that "it is unclear whether PFA can compel Wu's testimony, but is undisputed that he is not an employee." (Dkt. No. 169 at 3.) This Court reviewed the first discovery letter and agrees with Judge Kim that the plaintiffs did not meet their burden initially. No evidence was submitted on this point at the time. However, upon reconsideration, plaintiffs submitted deposition admissions from PFA's CEO, Mr. David Carroll, that Wu is a "liaison" and a "mouthpiece" for PFA and that Wu "just does what – he does what

---

[1] Defendant comments that they were unable to submit a declaration in connection with the joint discovery letter before Judge Kim. They now file a declaration contradicting evidence that was presented to Judge Kim. The Court notes that evidence was submitted by declaration in connection with the joint letter that defendant's drafted with plaintiffs. Defendant errored by not seeking appropriate leave with the magistrate judge at the time the record was being developed. Defendant shall submit all issues to the magistrate judge for consideration in the first instance or risk waiving them.

3

PFA does." (Carroll Depo. Tr. 201:9-10, 207:10-13, 206:21-22.) This tilted the factor in favor of plaintiffs on reconsideration.

Furthermore, the fact that Wu is not an employee is not dispositive of the issue. Independent contractors can be managing agents. *See, e.g.*, *Elasticsearch, Inc.v. floragunn GmbH*, No. 19-cv-05553-YGR (AGT), 2021 WL 1753796, at *2-3 (N.D. Cal. May 4, 2021) (holding that freelance programmers were managing agents). Moreover, as plaintiffs argued here, defendant only indicates that Wu *may* refuse to appear; but Carroll at least conceded Wu "does what PFA does" and is "in sync with [Carroll's] vision." (Carroll Dep. Tr. 206:21-22, 219:10-11.) There is no evidence in the record to suggest that Wu will not appear and any issues concerning a failure to appear can be addressed with a full record after the issue becomes ripe.

Second, Judge Kim initially noted that "[t]here is an employee who has a higher rank, David Carroll, PFA's founder and CEO, and he will be deposed." (Dkt. No. 169 at 3.) Because the plaintiffs did not initially submit evidence suggesting that Wu would have unique testimony from that of Carroll, plaintiffs did not meet their burden. Upon reconsideration, plaintiffs introduced evidence that Wu is responsible for training and point to concessions from Carroll that Carroll is not present for all training. (Carroll Depo. Tr. 201:4-18, 216:7-11.) Again, all doubts are to be resolved for the party seeking discovery. The new evidence submitted titled the factor in favor of plaintiffs.

Third, Judge Kim held that "[i]t is unclear whether Wu's general responsibilities encompass the entire litigation." (Dkt. No. 169 at 3.) Upon reconsideration, plaintiffs argued that their case turns on the ability to prove that PFA uses deceptive, unfair, and unlawful methods to recruit new members and operates as a pyramid scheme in violation of California's Endless Chain Law. (Dkt. No. 216-4 at 3.) Plaintiffs submitted evidence suggesting that Wu was responsible for training. (Carroll Depo. Tr. 201:4-18, 216:7-11.) While PFA has produced a "Seal Team" PowerPoint presentation, which plaintiffs claim is essential, many witnesses have had limited knowledge concerning the presentation. (Bacus Depo. Tr. 145:22-25; Martin Depo. Tr. 114:13-21.) However, Mr. Carroll conceded that Wu was on the Seal Team. (Carroll Depo. Tr. 213:3-5.) Plaintiffs' burden is "modest" at this stage. *Calderon*, 287 F.R.D. at 633. Their new argument

and factual submission tipped the scale before Judge Kim.

Since the remaining two factors were not addressed in the motion for relief, the Court defers to and adopts Judge Kim's well-reasoned findings.  (Dkt. No. 169 at 2-3).  This includes the "paramount" factor in the analysis which titled in favor of plaintiffs.

The Court concludes that Judge Kim's pretrial order is not clearly erroneous and therefore **DENIES** the motion for relief therefrom.  Defendant is **ORDERED** to produce Mr. Wu for deposition.

This Order terminates Docket Number 224.

**IT IS SO ORDERED.**

Dated: November 4, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**