EXHIBIT A1

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF CLASS ACTION,
PROPOSED SETTLEMENT, AND SETTLEMENT HEARING
(To Inactive Policyholders)

If you enrolled as a Premier Financial Alliance, Inc. ("PFA") associate and purchased a Living Life or Living Life by Design indexed universal life insurance policy in California, a class action lawsuit may affect your rights.

*Please read this Notice carefully.*

<u>A federal court authorized this Notice. This is not a solicitation from a lawyer.</u>

- **You can read this notice in Chinese, Tagalog, Spanish, Vietnamese, and Nepali at the following website: www.PFAsettlement.com.** [REPEAT IN EACH LANGUAGE].

- You have been identified as a potential member of a Class in a class action lawsuit (the "Lawsuit" or "Action") pending in the United States District Court for the Northern District of California, known as *In re PFA Insurance Marketing Litigation*, No. 4:18-CV-03771-YGR.

- Individuals who enrolled with Premier Financial Alliance ("PFA") and purchased, in California, a Living Life or Living Life by Design indexed universal life insurance policy, issued by Life Insurance Company of the Southwest ("LICS") (a "Living Life Policy"), sued PFA and LICS. They alleged that PFA and LICS violated California's Unfair Competition Law and Endless Chain Law. The Court ruled that the claims may proceed as a class action. PFA and LICS deny that they have violated the law or that they have harmed policyholders in any way.

- This Notice is to inform you of the proposed settlement of the Lawsuit ("the Settlement"). The Court ordered that this Notice be sent to you because you have a right to know about the Settlement, and your rights and options under the Settlement. This Notice explains the Lawsuit, the Settlement, your legal rights, what the settlement benefits are, who is eligible for those benefits, and how you can make a claim for a payment.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **DO NOTHING** | By doing nothing in response to this Notice, if you are a member of the Class (described below), you will stay in the Class and give up the right to file your own lawsuit against PFA and LICS about the issues in this Lawsuit. |

1
**QUESTIONS? CALL [phone number] OR VISIT www.PFAsettlement.com.**

| | |
|---|---|
| **MAKE A CLAIM** | If the Court approves the Settlement, and if you are a Class Member who bought a Class Policy, you may be eligible for a cash payment. The formula for determining the amount of the payment appears under Question 10 below.<br><br>**To receive a payment, you must complete and submit a Claim Form, enclosed with this mailing. You do not need to pay attorneys' fees to participate in the settlement.** |
| **PFA BUSINESS CHANGES** | If the Court approves the Settlement, PFA will implement certain business changes, which are set forth in Appendix A to the Stipulation of Settlement. You do not need to submit a Claim Form for these changes to take effect. |
| **EXCLUDING YOURSELF** | You may exclude yourself from the Settlement. If you exclude yourself, you will receive no settlement benefits. Excluding yourself is the only option that allows you ever to be part of any other lawsuit against PFA or LICS concerning the claims and legal issues in the Action. All exclusion requests must be sent by U.S. mail to the address listed below at Question 16, postmarked no later than _____, **2023 {90 days after Preliminary Approval}**. |
| **OBJECTING TO THE SETTLEMENT** | If you do not exclude yourself and wish to object to the Settlement, you may write to the Court. All objections must be filed electronically or submitted by U.S. mail to the addresses listed below at Question 22, postmarked no later than _____, **2023 {90 days after Preliminary Approval}**. If you submit a written objection, the Court will consider it in deciding whether to approve the Settlement. |
| **SPEAKING AT THE SETTLEMENT HEARING** | You may also ask to speak in Court about the Settlement at the Settlement Hearing set for _____, 2023, but only if you do not exclude yourself from the Settlement and you properly and timely submit a written objection and notice of intention to appear. (See Questions 22 and 26.) |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice. For a complete description of the terms and conditions of the Settlement, you should read the agreement called the Stipulation and Agreement of Settlement ("Stipulation of Settlement"),

2

**QUESTIONS? CALL [phone number] OR VISIT www.PFAsettlement.com.**

which was filed with the Court and is available at the following website: www.PFAsettlement.com. A copy of the Stipulation of Settlement also can be obtained by contacting the Claims Administrator at the address and toll-free telephone numbers listed below at Question 29.

- The Court in charge of this case still has to decide whether to approve the Settlement. **Settlement benefits will be available only if the Court approves the Settlement.**

- **Questions?** Read on and visit www.PFAsettlement.com.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** .................................................................................................. PAGE 6
1. Why did I get this Notice?
2. What is this Lawsuit about?
3. What is a class action and who is involved?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS COVERED BY THE SETTLEMENT** ................................................................. PAGE 7
6. Am I part of this Class?
7. Are any policyholders excluded from the Class?
8. What if I am still not sure if I am included in the Settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU CAN GET** ........................................ PAGE 8
9. What benefits does the Settlement generally provide?
10. What money is available, and how can I get it?
11. What is the Active Policy Relief?
12. What are the other settlement benefits?
13. When would I get my settlement benefit?
14. What am I giving up to get a settlement benefit or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**…........................................... PAGE 10
15. Why would I ask to be excluded?
16. How do I exclude myself from the Settlement?
17. If I exclude myself, can I get relief from the Settlement?

**THE LAWYERS IN THIS LAWSUIT** ........................................................................... PAGE 11
18. Do I have a lawyer in the case?
19. Should I get another lawyer?
20. How will the Lead Counsel lawyers be paid?
21. Do PFA and LICS have lawyers in this case?

**OBJECTING TO THE SETTLEMENT** ......................................................................... PAGE 12
22. How do I tell the Court I do not like the Settlement?
23. What is the difference between objecting and excluding?

**THE COURT'S SETTLEMENT HEARING** .................................................................. PAGE 13
24. When and where will the Court decide whether to approve the Settlement?
25. Do I have to come to the hearing?
26. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................... PAGE 14
27. What happens if I do nothing at all?

4

**QUESTIONS? CALL [phone number] OR VISIT www.PFAsettlement.com.**

**GETTING MORE INFORMATION** ............................................................................... PAGE 14
    28. How do I get more information?

**QUESTIONS? CALL [phone number] OR VISIT www.PFAsettlement.com.**

# BASIC INFORMATION

### 1. Why did I get this Notice?

You are listed in PFA's records as someone who enrolled as a PFA associate between January 1, 2014 and March 17, 2023 (the "Class Period"), and your name matches the name of someone in LICS's records who purchased one or more Living Life Policies within California during the Class Period.

The Court directed the parties to send this Notice to you because you have a right to know about the Settlement and about your rights and options under the Settlement before the Court decides whether to approve it.  This Notice explains the Lawsuit, the Settlement, your legal rights, and your options.

The Court in charge of the case is the United States District Court for the Northern District of California in Oakland, California, and the case is *In re PFA Insurance Marketing Litigation*, No. 4:18-CV-03771-YGR.   Judge Yvonne Gonzalez Rogers is in charge of the case.

If the Court approves the Settlement, PFA and LICS will provide the settlement benefits agreed to in the Settlement.

### 2. What is this Lawsuit about?

This Lawsuit involves the recruitment practices of PFA and the sale of certain life insurance policies issued by LICS, known as the Living Life policy and the Living Life by Design policy, which are indexed universal life insurance policies.  Plaintiffs brought the Lawsuit against PFA and LICS under California's Unfair Competition Law, alleging that PFA and LICS operate an endless chain scheme in violation of California's Endless Chain Law, California Penal Code § 327.  Specifically, Plaintiffs allege that individuals were recruited to become PFA "associates" and to purchase a Living Life Policy through representations indicating that the purchase of a policy would assist them in advancing through PFA's hierarchy and achieving success and personal wealth.  Plaintiffs allege that they would not have joined PFA or purchased a Living Life Policy had they known about their true chances of success at PFA.  Plaintiffs claim that these actions violated California's Unfair Competition Law and entitle the Class to relief.

PFA and LICS dispute all of these claims and deny that they did anything wrong.  PFA and LICS contend that they have not violated the Unfair Competition Law, that Plaintiffs and Class Members were not exposed to any misrepresentations regarding the Living Life Policies or their prospects for financial success and advancement within PFA, and that PFA and LICS do not operate an endless chain scheme in violation of California's Endless Chain Law.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more persons, called Class Representatives (in this case Dalton Chen), sue on behalf of people (called "Class Members") who have similar claims.  The Class Representative who sued—and all of the Class Members like him—are called Plaintiffs.  The companies they sued (in this case PFA and LICS) are called Defendants.  One court resolves the issues for all Class Members, except for those members who ask to be excluded from the Class.

| 4. Why is this a class action? |
|---|

The Court has decided that this Lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

| 5. Why is there a settlement? |
|---|

The Court did not decide in favor of the Plaintiffs or the Defendants. Instead, both sides agreed to a settlement before the case went to trial. The Class Representative and his attorneys think the Settlement is in the best interest of Class Members.

## WHO IS COVERED BY THE SETTLEMENT

To know if you can get a settlement benefit from this Settlement, you first have to see if you are a member of the Class.

| 6. Am I part of this Class? |
|---|

The Class consists of all persons who enrolled as PFA associates between January 1, 2014 and March 17, 2023 and purchased one or more Living Life or Living Life by Design policies in California between January 1, 2014 and March 17, 2023, except for persons who are excluded (see Question 7 below).

The Living Life or Living Life by Design policy purchased by a Class Member is referred to in this Notice as the "Class Policy." If you own multiple Class Policies, the terms of the Settlement apply to each policy.

| 7. Are any policyholders excluded from the Class? |
|---|

The following persons are excluded from the Class: (a) all individuals who reached the level of Provisional Field Director, Qualified Field Director, Senior Field Director, Regional Field Director, Area Field Director, National Field Director, Executive Field Director, or Senior Executive Field Director at PFA; (b) the judicial officers to whom this case is assigned and their immediate family members and staff; (c) PFA and LICS, their parents, affiliates, subsidiaries, legal representatives, predecessors, successors, assigns, employees, and any entity in which one of these Defendants has a controlling interest or which has a controlling interest in one of these Defendants; (d) Jack Wu, Aggie Wu, Rex Wu, Hermie Bacus, Bill Hong, Lan Zhang, and their legal representatives, successors, assigns, and immediate family members; (e) any person who previously released any Defendant pertaining to any Released Claim (as defined in the Stipulation of Settlement); and (f) any person who submits a valid request to be excluded from the Class in accordance with the Stipulation of Settlement.

Additionally, Living Life Policies that fall into one of the following categories are excluded from Class Policies: (a) Living Life Policies for which the insured is deceased; (b) Living Life Policies on

which a claim for a death benefit was made or paid before the Stipulation Date; (c) Living Life Policies that were rescinded or not taken before the Stipulation Date; (d) Living Life Policies on which a full election or partial election of any benefit under an Accelerated Benefits Rider was made or paid before the Stipulation Date; and (e) Living Life Policies that were sold or assigned to a non-Class Member before the Stipulation Date.

### 8. What if I am still not sure if I am included in the Settlement?

If you are still not sure whether you are included in the Settlement, you can ask for free help. You can call the Claims Administrator, Epiq Class Action and Claims Solutions, toll-free at [phone number], or write to In re PFA Insurance Marketing Litigation, c/o Epiq Class Action and Claims Solutions, P.O. Box ____, Portland, OR 97208-____.

You can also contact Daniel Girard, Lead Counsel for the Class, by phone (415-981-4800), email (pfasettlement@girardsharp.com), or U.S. mail (Girard Sharp LLP, 601 California Street, Suite 1400, San Francisco, CA 94108).

# THE SETTLEMENT BENEFITS – WHAT YOU CAN GET

### 9. What benefits does the Settlement generally provide?

You have been identified as an inactive (former) policyholder who may be a Class Member.

If you file a claim, you may receive a return of a portion of the premiums you paid for your Class Policy. The amount you receive will depend on the status (inactive or active) of your Class Policy, the total premiums you paid, and other factors, as explained below.

You can receive one payment per Class Policy. You will not have to pay an attorney to participate in the Settlement. Defendants will separately pay the attorneys' fees and expenses of Lead Counsel and the settlement administration costs associated with the Settlement. These amounts must be approved by the Court.

PFA has also agreed as part of the Settlement to implement certain business changes, as set forth in Appendix A to the Stipulation of Settlement.

**Payments will not be available to any Class Member who does not file a claim, excludes himself or herself from the Settlement, or if the Court does not give final approval to the Settlement.**

### 10. What money is available, and how can I get it?

If you owned a Class Policy that has the status of lapsed or surrendered in LICS's administration system as of the date on which the cash component of the Policy Relief is calculated (the "Relief Calculation Date"), you may be eligible to receive a cash payment ("Inactive Policy Relief").

You received a Claim Form with this Notice. To get a cash payment, you must submit to the Claims Administrator, within [insert date 90 days after Preliminary Approval], a completed Claim Form. LICS will determine the amount of your payment (if any) and the Claims Administrator will deposit

the payment in your bank account or issue you a check, depending on your preference.

The payment will be calculated as 67 percent of the following formula: (a) the premiums paid on the Class Policy; *minus* (b) an expense factor of 25 percent of the total premiums paid on the Class Policy; *minus* (c) the total amount of cost of insurance charges and accumulated value charges deducted from the Class Policy; *minus* (d) the total amount of partial surrender, and/or total surrender amounts already paid on the Class Policy.

## 11.  What is the Active Policy Relief?

You have been identified as an inactive (former) policyholder who may be a Class Member. The Settlement also allows active (current) policyholders who are Class Members to terminate their Class Policy and make a claim for payment. This is called Active Policy Relief.

If you have an active Class Policy and want to learn more about the Active Policy Relief available under the Settlement, please visit the Settlement website (www.PFAsettlement.com).

## 12.  What are the other settlement benefits?

The Settlement requires PFA to implement certain business changes.  Generally, these changes require PFA to maintain records of approved marketing materials, make certain information available on PFA's website and to PFA associates, and refrain from certain business practices Plaintiffs challenged in the lawsuit.  For complete information, see Appendix A to the Stipulation of Settlement, which can be viewed on the settlement website, at www.PFAsettlement.com.

## 13.  When would I get my settlement benefit?

The Court is scheduled to hold a hearing on _____, 2023, called the Settlement Hearing, to decide whether to approve the Settlement.  If the Court approves the Settlement, LICS will terminate the Active Class Policies of Class Members who chose Policy Relief and calculate the amount of money due to Class Members eligible for payment.

The Claims Administrator will then deposit the payments or send checks to Class Members, including to both inactive and active policyholders who are entitled to payment.

If the Court's approval of the Settlement is appealed, the distribution of payments may be delayed. Updates regarding the status of the Settlement will be posted periodically at www.PFAsettlement.com.

## 14.  What am I giving up to get a settlement benefit or stay in the Class?

Unless you properly exclude yourself, you will stay in the Class. This means that whether or not you make a claim, you will be bound by the release of Claims, as described in the Stipulation of Settlement, if the Settlement is approved.  That means you and each of your immediate family members, heirs, executors, trustees, administrators, successors, assigns, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, managers, parents,

subsidiaries, divisions, affiliates, predecessors, managers, and agents will release (agreeing never to sue, continue to sue, or be part of any other lawsuit), unless prohibited by law, any and all Claims and Unknown Claims (as defined in the Stipulation of Settlement) relating in any way, directly or indirectly, to: (i) whether PFA or LICS operates as an endless chain, pyramid scheme, or similar legally prohibited structure; (ii) the business or business model of PFA or LICS, (iii) any disclosures or omissions relating to PFA or LICS, and/or (iv) marketing or sale of any Living Life Policies.

Release Parties, collectively and individually, shall and shall be deemed to have, forever released, relinquished, and discharged all Release Parties, collectively and individually, with respect to the Released Claims and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Release Parties.  It also means that all of the Court's orders in this Lawsuit, whatever they provide, will apply to you and legally bind you, even if you objected to the Settlement.

***Please refer to the Stipulation of Settlement for the full terms of the release, including definitions of the capitalized terms in this answer to Question 14***.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you fall within the Class definition, you have to decide whether to stay in the Class or ask to be excluded from the Class.  If you decide to exclude yourself, you must mail a written request to exclude yourself that is postmarked no later than [DATE] **{insert date that is 90 days after Preliminary Approval}**.

### 15. Why would I ask to be excluded?

Class Members who exclude themselves are not bound by the release of Claims, as described in the answer to Question 14 above and in the Stipulation of Settlement, and will not receive any settlement benefits.

If you already have your own lawsuit against PFA or LICS based on issues raised in this Lawsuit and want to continue with your own lawsuit, you must ask to be excluded from the Class.

If you start your own lawsuit against PFA or LICS after you exclude yourself, you will have to prove your claims.  If you intend to file your own individual lawsuit against PFA or LICS, you should consult a lawyer immediately, as the passage of time affects your rights.

### 16. How do I ask the Court to exclude me from the Class?

To ask to be excluded, send a notification in writing to In re PFA Insurance Marketing Litigation, c/o Epiq Class Action and Claims Solutions, P.O. Box ____, Portland, OR 97208-____.  There is no required form—you can send a letter, or any other writing that indicates that you wish to be excluded.  Please be sure to include your name, address, policy number(s), signature, and a statement that you wish to be excluded from the Class in *In re PFA Insurance Marketing Litigation*, No. 4:18-CV-03771-YGR.  A request to be excluded will not be effective unless it legibly provides the required information.  Your request to be excluded must be postmarked by [DATE] **{insert date that is 90 days after Preliminary Approval}** at the latest.  If you do not send a notification that is postmarked

on or before [DATE] **{insert date that is 90 days after Preliminary Approval}**, you will be included in the Class. You can't exclude yourself by telephone or by e-mail.

### 17. If I exclude myself, can I get relief from the Settlement?

No. If you exclude yourself, do not send in a Claim Form seeking any settlement relief because you will not be entitled to any benefits from this Settlement.

## THE LAWYERS IN THIS LAWSUIT

### 18. Do I have a lawyer in this case?

Yes. The Court appointed the law firm of Girard Sharp LLP ("Lead Counsel") to represent you and all Class Members. Information about Lead Counsel can be found by visiting the website listed below:

> **Girard Sharp LLP**
> www.girardsharp.com
> Daniel C. Girard
> 601 California Street, Suite 1400
> San Francisco, California 94108
> (415) 981-4800
> pfasettlement@girardsharp.com

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19. Should I get another lawyer?

Lead Counsel is working on your behalf and on behalf of all Class Members. If you want your own lawyer, you will have to hire and pay that lawyer.

### 20. How will the Lead Counsel lawyers be paid?

Lead Counsel have not been paid for their work on this case. Lead Counsel will ask the Court for an award of attorneys' fees and costs in the aggregate of $6,371,000. The Court will decide the amount of attorneys' fees and costs awarded to Lead Counsel. Lead Counsel also will ask the Court to award a payment of $10,000 to the Class Representative. The Court may award less than these amounts. PFA and LICS will pay the attorneys' fees and expenses, and any payment to the Class Representative, that the Court awards, up to these amounts. These amounts will not come out of the money that will be paid to Class Members.

### 21. Do PFA and LICS have lawyers in this case?

Yes. PFA and LICS are also represented by counsel. PFA's and LICS's counsel do not represent you or any other Class Member.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or a part of it.

### 22. How do I tell the court I do not like the Settlement?

You can ask the Court to deny approval of the Settlement by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*In re PFA Insurance Marketing Litigation,* No. 4:18-CV-03771-YGR), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, and (c) be filed or postmarked on or before _____, 2023 **{insert date that is 90 days after Preliminary Approval}**.

Your written objection must include your name, address, policy number(s), and signature; a statement that you enrolled as a PFA associate, paid a $125 fee associated with that enrollment, purchased a Living Life or Living Life by Design indexed universal life insurance policy in California between January 1, 2014 and March 17, 2023, and did not reach the level of Provisional Field Director, Qualified Field Director, Senior Field Director, Regional Field Director, Area Field Director, National Field Director, Executive Field Director, or Senior Executive Field Director at PFA; the reason(s) you object to the Settlement; a statement of whether the objection applies only to you, to a specific subset of the Class, or to the entire Class; and any documents or authorities that you wish to submit in support of your position.

If you consult an attorney for the purpose of objecting to any aspect of the Settlement, the attorney must file an entry of appearance with the Clerk of the Court no later than _____, 2023 **{insert date that is 90 days after Preliminary Approval}**.

### 23. What is the difference between objecting and excluding?

*Objecting* is telling the Court that you don't like something about the Settlement, while remaining part of the Settlement. You can object only if you stay in the Class. *Excluding yourself* is telling the Court that you do not want to be part of the Class and the Settlement. If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak by following the process described below, but you are not required either to attend or to speak.

### 24. When and where will the court decide whether to approve the Settlement?

The Court is scheduled to hold a Settlement Hearing on _____ __, 2023, at ____:00 __.M., at the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Courtroom 1 – 4th Floor, Oakland, CA 94612. The Court may hold the Settlement Hearing telephonically or by other virtual means. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Gonzalez Rogers may listen to people who, prior to the hearing, properly and timely requested in writing to speak at the hearing, as described at Question 26 of this Notice. The Court also will consider at the Settlement Hearing how much Lead Counsel will be paid and the amount of any payment to the Class Representative.

### 25. Do I have to come to the hearing?

No. You may attend the hearing if you wish, but Lead Counsel will answer questions Judge Gonzalez Rogers may have. You also may pay your own lawyer to attend the hearing if you choose. If you submit a written objection, you don't have to come to Court to talk about it and you don't have to send your own lawyer. As long as you properly submitted your written objection and it was postmarked on time, the Court will consider it.

Please be aware that the Court may change the date or time of the Settlement Hearing without further notice to Class Members. If you or your attorney intends to appear at the Settlement Hearing, check the court website in advance.

Class Members do not need to appear at the hearing or take any other action to indicate their approval of the matters being considered at the hearing.

### 26. May I speak at the hearing?

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must do two things. First, you must object to the Settlement in accordance with the procedures described above under Question 22. Second, you must send a letter stating that it is your "Notice of Intention to Appear in *In re PFA Insurance Marketing Litigation*." You must include your name, address, and your signature on your Notice of Intention to Appear. Your Notice of Intention to Appear must be submitted to the Court either by filing electronically or in person at any location of the United States District Court for the Northern District of California or by mailing it to the Clerk of Court, United States District Court for the Northern District of California, at the address listed under Question 22, and must be filed electronically or postmarked no later than _____ __, 2023 {**insert date 90 days after Preliminary Approval**}. You cannot speak at the hearing if you do not follow these procedures, or if you exclude yourself.

13
**QUESTIONS? CALL [phone number] OR VISIT www.PFAsettlement.com.**

# IF YOU DO NOTHING

| 27. What happens if I do nothing at all? |
|---|

By doing nothing in response to this Notice, you are staying in the Class. You will be bound by the release of Claims, as described in the Stipulation of Settlement, if the Settlement is approved.

Enclosed with this Notice is a Claim Form that you must complete and submit to the Claims Administrator by [**90 days after Preliminary Approval**] to receive a payment. Your claim may be rejected if you fail to submit a complete and accurate Claim Form on time.

# GETTING MORE INFORMATION

| 28. How do I get more information? |
|---|

To get more information about the Settlement, you can:

- Visit the settlement informational website at www.PFAsettlement.com, where you will find copies of the Stipulation of Settlement, Claim Form, and other information concerning the Settlement and the Lawsuit.

- Call [phone number] (toll free);

- Send an e-mail to [email address] or write to In re PFA Marketing Insurance Litigation, c/o Epiq Class Action and Claims Solutions, P.O. Box ____, Portland, OR 97208-____; or

- Contact Lead Counsel by phone (415-981-4800), email (pfasettlement@girardsharp.com), or U.S. mail (Girard Sharp LLP, 601 California Street, Suite 1400, San Francisco, CA 94108).

**Please do not contact the Court or the Office of the Clerk of Court.**

**Notice Date:** _____