1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| IN RE PFA INSURANCE MARKETING LITIGATION | Case No. 4:18-cv-03771-YGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
|---|---|

| | |
|---|---|
| 1 | WHEREAS, a certified class action is pending before this Court entitled *In re* |
| 2 | *PFA Insurance Marketing Litigation*, No. 4:18-CV-03771-YGR-SK (the "Action"); |
| 3 | WHEREAS, Plaintiffs have made an application, pursuant to Federal Rule of |
| 4 | Civil Procedure 23(e), for an order: (i) preliminarily approving the Settling Parties' |
| 5 | proposed settlement of the Action (the "Settlement") in accordance with the Stipulation |
| 6 | and Agreement of Settlement dated March 17, 2023 (the "Stipulation"), which, together |
| 7 | with the exhibits annexed thereto, sets forth the terms and conditions for the Settlement |
| 8 | and dismissal of the Action with prejudice; (ii) approving the form and manner of the |
| 9 | posting of the Notice of Class Action, Proposed Settlement, and Settlement Hearing, |
| 10 | attached as Exhibit A1 and Exhibit A2 to the Stipulation; and (iii) scheduling a date for |
| 11 | the Settlement Hearing (defined below), pursuant to Federal Rule of Civil Procedure |
| 12 | 23(e), for the Court to consider and determine whether to approve the terms of the |
| 13 | Settlement as fair, reasonable, and adequate, and whether to approve the requested Fee |
| 14 | and Cost Reimbursement to Lead Counsel and the Incentive Award to Class |
| 15 | Representative; and |
| 16 | WHEREAS, this Court has read and considered the Stipulation and the exhibits |
| 17 | attached thereto and the Motion for Preliminary Approval of the Settlement, and the |
| 18 | papers filed and arguments made in connection therewith. |
| 19 | NOW, THEREFORE, IT IS HEREBY ORDERED as follows: |
| 20 | 1.   Unless otherwise defined herein, all capitalized terms contained herein |
| 21 | shall have the same meanings as set forth in the Stipulation. |
| 22 | 2.   This Court has jurisdiction over the subject matter of the Action, and the |
| 23 | Settling Parties to the Stipulation agreed to submit to the jurisdiction of the Court for |
| 24 | purposes of implementing and enforcing the Settlement embodied in the Stipulation. |
| 25 | 3.   The Settlement is the product of non-collusive arm's-length negotiations |
| 26 | between experienced counsel who were thoroughly informed of the strengths and |
| 27 | |
| 28 | |

weaknesses of the Action, including through discovery and motion practice, and whose negotiations were supervised by an experienced mediator. The Settlement confers substantial benefits upon the Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued litigation, does not grant preferential treatment to Class Representative or any subgroup of the Class, has no obvious deficiencies, and will likely be approved. In addition, the Court will likely be able to affirm its certification of the Class for purposes of judgment on the proposal. The Court therefore preliminarily approves the Stipulation and the Settlement set forth therein, including all provisions therein and exhibits attached thereto, as being fair, reasonable, and adequate, and finds that it otherwise meets the criteria for approval, subject to further consideration at the Settlement Hearing described below, and warrants issuance of notice to the Class.

4. A Settlement Hearing shall be held before this Court on _____, 2023, at ____ .m. [a date that is at least 100 calendar days from the date of entry of this Preliminary Approval Order] at the United States District Court for the Northern District of California, Oakland Division, Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Courtroom 1 – 4th Floor, Oakland, CA 94612, to (i) determine whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of the Class Members and should be approved by the Court; (ii) hear and rule on any objections by Class Members to the Settlement, the proposed Final Judgment and Order, the proposed Fee and Cost Reimbursement, and the proposed Incentive Award; (iii) determine whether to approve the Fee and Cost Reimbursement and Incentive Award; and (iv) determine whether the Court should enter the Final

Judgment and Order of Dismissal with Prejudice (attached as Exhibit C to the Stipulation), which would dismiss with prejudice the Action and release the Released Claims.

5. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

6. The Court approves, as to form and content, the Notice of Class Action, Proposed Settlement, and Settlement Hearing (attached to the Stipulation as Exhibit A1 and Exhibit A2), and the Claim Form (attached to the Stipulation as Exhibit D1 and Exhibit D2), and finds that the mailing of the Notice and posting of the Notice substantially in the manner and form set forth in ¶¶ 7-9 of this Order meet the requirements of Federal Rule of Civil Procedure 23, Due Process, and other applicable law, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator, which, under the supervision of Lead Counsel and subject to the jurisdiction of the Court, shall supervise and administer the notice procedure, as well as the processing of claims, as more fully set forth below:

    a. No later than twenty-eight (28) calendar days after the Court enters this Preliminary Approval Order, the Claims Administrator shall post the Notice and Stipulation on a website dedicated to the administration of the Settlement (the "Settlement Website").

    b. No later than twenty-eight (28) calendar days after the Court enters this Preliminary Approval Order, the Claims Administrator shall cause a copy of the Notice, attached to the Stipulation as Exhibit A1 and Exhibit A2, to be mailed to Class

Members using the mailing address contained in PFA's and/or LICS's records that are readily accessible and customarily used to facilitate communications with, and mailings to, policyholders (provided, however, that PFA and LICS shall not be required to conduct a manual or human review of any records). Class Members eligible for Inactive Policy Relief will be mailed a Notice to "Inactive Policyholders" (attached as Exhibit A1 to the Stipulation); Class Members eligible for Active Policy Relief will be mailed a Notice to "Active Policyholders" (attached as Exhibit A2 to the Stipulation).

8. No later than thirty-five (35) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defense Counsel and file with the Court proof, by affidavit or declaration, of mailing of the Notice and posting of the Notice on the Settlement Website.

9. The Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), requires each defendant participating in a class action settlement to notify appropriate officials of the Settlement within ten (10) calendar days after it is filed in court. No later than thirty-five (35) calendar days before the Settlement Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA notice directive.

10. All papers in support of the Settlement, the Fee and Cost Reimbursement, and the Incentive Award shall be filed with the Court no later than sixty (60) days after the date of entry of this Order. The Settling Parties shall file with the Court and serve responses to any objections filed pursuant to ¶ 14 below at least seven (7) calendar days prior to the Settlement Hearing.

11. Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked and submitted no later than ninety (90) days after the date of entry of this Order. Each Claim Form shall be

deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Class Member who does not submit a timely and valid Claim Form shall be barred from receiving Policy Relief (as defined in the Stipulation), unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Settlement and the Judgment, including the releases provided for therein.

12. Any Class Member may request to be excluded from the Class by submitting a Request for Exclusion in written form in the manner and to the address designated in the Notice, such that it is postmarked no later than ninety (90) days after the date of entry of this Order. Class Members wishing to be excluded from the Class must, in their written Request for Exclusion, provide their (1) name, (2) address, (3) policy number(s), (4) signature, and (5) a statement that the Class Member requests to be excluded from the Class in *In re PFA Insurance Marketing Litigation*, No. 4:18-CV-03771-YGR. A Request for Exclusion shall not be effective unless it legibly provides the required information and is made within the time stated above, or the Request for Exclusion is otherwise accepted by the Court. All Class Members who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph, the Notice, and Stipulation, shall have no rights under the Stipulation, shall not share in the settlement relief, and shall not be bound by the Stipulation or the Judgment entered in the Action.

13. Any Class Member who fails to timely or properly request to be excluded from the Class, or whose Request for Exclusion is not otherwise accepted by the Court, shall be deemed a Class Member, shall be deemed to have waived his, her, or its right to be excluded from the Class, shall forever be barred from requesting exclusion from the

Class in this or any other proceeding, shall be bound by the Settlement and the Judgment, and shall be deemed by operation of law to have released all Released Claims against the Release Parties, if the Court approves the Settlement.

14. Any Class Member may object to the Settlement of the Action, the proposed Final Judgment, the proposed Fee and Cost Reimbursement, and/or the proposed Incentive Award, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing; provided, however, no Class Member or any other person or entity shall be heard or entitled to contest such matters unless that person has fully complied with the terms set out herein. To object, such Class Member must submit copies of: (a) a written statement identifying such Person's name, address, Living Life policy number(s), and signature, and, if represented by counsel, the name, address of counsel; (b) a written statement that the Class Member enrolled as a PFA associate, paid a $125 fee associated with that enrollment, purchased a Living Life and/or Living Life by Design indexed universal life insurance policy in California between January 1, 2014 and March 17, 2023, and did not reach the level of Provisional Field Director, Qualified Field Director, Senior Field Director, Regional Field Director, Area Field Director, National Field Director, Executive Field Director, or Senior Executive Field Director at PFA; (c) a written statement of the Class Member's objection and the reasons for such objection; (d) a written statement of whether the objection applies only to the Class Member, to a specific subset of the Class, or to the entire Class; and (e) any documentation or authorities in support of such objection. Any objection should not exceed twenty-five (25) pages in length. If the Class Member wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing. Such objection must be submitted to the Court either by filing electronically or in person at any location of the United States District Court for the Northern District of California or by mailing it to the Class Action

Clerk, United States District Court for the Northern District of California, at the following address:

> Northern District of California, Oakland Division
> Ronald V. Dellums Federal Building and United States Courthouse
> 1301 Clay Street, Suite 400 S
> Oakland, CA 94612
> Case No. 4:18-CV-03771-YGR

Written objections must be filed electronically or postmarked no later than ninety (90) days after the date of entry of this Order.

15.  Any person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, Final Judgment, the Fee and Cost Reimbursement, and the Incentive Award; (ii) barred from raising such objection in this Action or any other action or proceeding related thereto; and (iii) bound by the Final Judgment and the releases of Claims therein.  A Class Member objecting or otherwise requesting to be heard at the Settlement Hearing shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including the release of the Released Claims provided for in the Stipulation and Final Judgment).

16.  Any Class Member may enter an appearance at the Settlement Hearing, individually or through counsel of his, her, or its own choice, at his, her, or its own expense.  If any Class Member retains an attorney for the purpose of objecting to any aspect of the Settlement, that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defense Counsel postmarked no later than ninety (90)

days after the date of entry of this Order. If that attorney does not timely enter an appearance, the Class Member will be represented by Lead Counsel.

17. Pending final determination of whether the Settlement should be approved, all proceedings in the Action and all further activity between the Settling Parties regarding or directed toward the Action, save for those activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

18. Pending the Effective Date of the Stipulation (as defined in Section 9.8 of the Stipulation) or the termination of the Stipulation according to its terms, Lead Counsel, Plaintiffs, and/or any Class Member, either directly, representatively, or in any other capacity, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Release Parties.

19. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Class Members.

20. All Class Members shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Class Members.

21. PFA, LICS, and Defense Counsel shall have no responsibility for, or liability with respect to, Lead Counsel's application for the Fee and Cost Reimbursement and Incentive Award, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Settlement Hearing, the Court will determine whether to approve Lead Counsel's application for the Fee and Cost Reimbursement and Incentive Award. Any appeal from any orders relating solely to Lead Counsel's application for the Fee and Cost Reimbursement or Incentive Award, or any reversal or modification thereof, shall not

operate to terminate the Settlement, or preclude the Judgment, if entered by the Court, from becoming Final or the Effective Date of the Settlement from occurring.

22. The provisions contained in the Stipulation (including any exhibits attached thereto) shall not be deemed a presumption, concession, or admission by any Party of any fault, liability, or wrongdoing, or lack of merit as to any facts or claims alleged or asserted in the Action or in any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, except in connection with any proceeding to enforce the terms of the Settlement. PFA, LICS, and the Release Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

23. In the event that the Stipulation or Settlement is not approved by the Court, or the Settlement is terminated for any reason, the Settling Parties shall be restored to their respective positions in the Action as of the last date before the Stipulation, and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any

1  judgment or orders entered by the Court in accordance with the terms of the Stipulation
2  shall be treated as vacated, *nunc pro tunc*.
3
4          IT IS SO ORDERED.
5
6  Dated: _____           _____
7                                          HON. YVONNE GONZALEZ ROGERS
8                                          United States District Judge