IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PFA INSURANCE MARKETING LITIGATION | CASE NO. 4:18-cv-03771 YGR<br><br>ORDER GRANTING MOTION TO AUTHORIZE DEPOSITION OF OBJECTOR AND APPELLANT EVAN CHAN<br><br>Re: Docket No. 396 |

Now before the Court is plaintiffs' motion for an order authorizing the deposition of objector and appellant Evan Chan. Docket No. 396. Chan objected to plaintiffs' motion for final approval of the settlement agreement and appealed the Court's order of February 5, 2024, which granted final approval of the settlement agreement. Plaintiffs intend to move this Court for an appeal bond to secure their costs on appeal. Plaintiffs wish to depose Chan to support their forthcoming motion for an appeal bond. Plaintiffs contend that the deposition of Chan will allow them to discover information relating to his ability to post a bond, the risk that he would not pay plaintiffs' costs if he loses his appeal, and the merits of his appeal, including the grounds and motivations for his appeal. Plaintiffs represent that they will promptly serve a deposition subpoena on Chan if the present motion is granted. *See* Reply at 2, Docket No. 400. Chan opposes the motion. *See* Docket No. 399.

The Court finds that plaintiffs' motion is well-taken. Chan's deposition is likely to reveal information that would assist the Court in determining whether to require Chan to post a bond. *See* Fed. R. App. P. 7 ("In a civil case, the district court may require an appellant to file a bond or

provide other security in any form and amount necessary to ensure payment of costs on appeal."); *In re MagSafe Apple Power Adapter Litig.*, No. C 09-01911 JW, 2012 WL 12921301, at *1 (N.D. Cal. July 6, 2012) (holding that, "[i]n determining whether a bond should be required, the court should consider (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal") (citation omitted); *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) ("Plaintiffs may seek information from objectors to obtain relevant, needed, and reasonably narrowly tailored information regarding each objector's standing as a settlement class member to assert objections, the underlying basis for his objections, and his relationship with counsel that may be pertinent to informing the court about the nature and merits of the appeal."); *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2023 WL 3884634, at *2 (N.D. Cal. June 7, 2023) (same). Accordingly, plaintiffs' request for an order authorizing the deposition of Chan is reasonable and appropriate.

Chan's arguments to the contrary do not persuade. First, Chan argues that the present motion "fails" because the Court lacks jurisdiction to resolve it. However, plaintiffs have cited authorities, which Chan has not distinguished, showing that the Court has jurisdiction to order post-judgment discovery after the filing of a notice of appeal. *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533-34 (N.D. Cal. 2012) (holding that "it is well settled that following a notice of appeal, the [district court] retains jurisdiction" to "preserve the integrity of [its] judgments in general, and specifically to protect [its] final judgment," which includes "permit[ting] extensive post-judgment proceedings against the objector and the attorney—including discovery and motion practice") (citations and internal quotation marks omitted); *Christonson v. United States*, No. 1:05-CV-00145-MHW, 2006 WL 8445798, at *2 (D. Idaho July 27, 2006) (holding that "the trial court retains jurisdiction to issue orders regarding bonds" after the filing of a notice of appeal).

Second, Chan argues that the question of whether his deposition should be authorized is not ripe for determination because plaintiffs have not filed a motion for an appeal bond or served Chan with a deposition subpoena. However, Chan has cited no authority that a court may not rule

on a motion to authorize the deposition of an objector if a motion for an appeal bond has not yet been filed or the objector has not yet been served with a deposition subpoena. Chan's reliance on *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2023 WL 8866579, at *1 (N.D. Cal. Dec. 20, 2023), is unavailing, because that opinion does not address any request for a deposition in relation to a forthcoming motion for an appeal bond. *See id.* (denying motion for an appeal bond on the ground that the appellant's objections were not "frivolous").

Finally, Chan argues that the Court should deny plaintiffs' motion because plaintiffs have not shown that the information they seek to obtain by way of the deposition is proportional under Rule 26(b). The Court disagrees. The information that plaintiffs seek to obtain by way of the deposition is tailored to the topics that are relevant to the filing and resolution of plaintiffs' forthcoming motion for an appeal bond. *See In re MagSafe Apple Power Adapter Litig.*, 2012 WL 12921301, at *1. Accordingly, the Court finds that the information in question is proportional to the needs of the case and is therefore appropriate under Rule 26. *See* Fed. R. Civ. P. 26(b). To minimize the burden on Chan, the Court will limit the deposition to four hours. Any burden that the four-hour deposition may impose on Chan is justified given that he voluntarily chose to appear in this litigation as an objector. *See In re Netflix Priv. Litig.*, 2013 WL 6173772, at *2 ("an objector who voluntarily appears in litigation is properly subject to discovery").

Accordingly, the Court **ORDERS** that, within twenty-one (21) days of the date of this Order, Chan shall sit for a deposition, not to exceed four hours, on the following topics: (1) Chan's ability to post a bond; (2) the risk that Chan would not pay plaintiffs' costs if he loses his appeal; and (3) the merits of Chan's appeal, including the grounds and motivations for his appeal.

**IT IS SO ORDERED.**

Dated: August 1, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**